**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ZACHARY W. WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | |
| TRIPLE CANOPY, INC.; | ) | |
| CONSTELLIS, LLC; | ) | |
| CONSTELLIS HOLDINGS, LLC; | ) | |
| CONSTELLIS, INC.; | ) | |
| CONSTELLIS GROUP, INC.; and | ) | |
| DYLAN BARRETT | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANTS' NOTICE OF REMOVAL</u>**

# EXHIBIT A



# Notice of Service of Process

**WCE / ALL**
**Transmittal Number: 18423477**
**Date Processed: 07/12/2018**

| | |
|---|---|
| **Primary Contact:** | Legal Department<br>Constellis<br>850 Puddin Ridge Rd<br>Moyock, NC 27958-8679 |
| **Electronic copy provided to:** | Kate McKenzie<br>Angela Smith |

| | |
|---|---|
| **Entity:** | Triple Canopy, Inc.<br>Entity ID Number 2420793 |
| **Entity Served:** | Triple Canopy, Inc. |
| **Title of Action:** | Zachary W. Woods vs. Triple Canopy, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Cook County Circuit Court, Illinois |
| **Case/Reference No:** | 2018-L-006631 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 07/12/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Timothy S. Tomasik<br>312-605-8800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Summons - Alias Summons                                                  (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ZACHARY W. WOODS

v.

TRIPLE CANOPY, INC.; CONSTELLIS GROUP,
INC.; CONSTELLIS, LLC; CONSTELLIS
HOLDINGS, LLC; CONSTELLIS, INC.; DYLAN
BARRETT

No. 2018-L-006631

Defendant Address:
TRIPLE CANOPY, INC.
R/A CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

    ☑ Richard J. Daley Center, 50 W. Washington, Room 801              ,Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
| 5600 Old Orchard Rd. | 2121 Euclid 1500 | Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Richard J. Daley Center |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 50 W. Washington, LL-01 |
| Bridgeview, IL 60455 | Markham, IL 60428 | Chicago, IL 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 56323

Name: TOMASIK KOTIN&KASSERMAN LLC

Atty. for: ZACHARY W. WOODS

Address: 161 N CLARK #3050

City/State/Zip Code: CHICAGO, IL 60601

Telephone: (312) 605-8800

Primary Email Address: phil@tkklaw.com

Secondary Email Address(es):

diane@tkklaw.com

Witness:     Tuesday, 26 June 2018

/s DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service:

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**Page 1 of 1**

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
CALENDAR: X
PAGE 1 of 29
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ZACHARY W. WOODS,   )
                    )
                    )
          Plaintiff,   )
vs.                 )        No.
                    )
TRIPLE CANOPY, INC.;   )
CONSTELLIS, LLC;    )
CONSTELLIS HOLDINGS, LLC;   )
CONSTELLIS, INC.;   )
CONSTELLIS GROUP, INC.; and   )
DYLAN BARRETT.      )        *Plaintiff Demands a Jury Trial.*
                    )
                    )
                    )
                    )
                    )
          Defendants.   )

### COMPLAINT AT LAW

Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, complaining of Defendants, TRIPLE CANOPY, INC.; CONSTELLIS, LLC; CONSTELLIS HOLDINGS, LLC; CONSTELLIS, INC.; CONSTELLIS GROUP, INC.; and DYLAN BARRETT, states:

### COMMON ALLEGATIONS

1.      Plaintiff Zachary W. Woods ("Lieutenant Woods") is an active duty Officer with the United States Army and he sustained serious, severe, grievous and permanent personal injuries due to being shot by an employee, agent, servant and/or representative of the corporate defendants who at the time of the shooting was acting within the course and scope of his employment, as demonstrated below.

2.    At all times relevant, Plaintiff Lieutenant Woods was stationed in Afghanistan with the First Squadron of the Third Cavalry Regiment (hereinafter referred to as the "First Squadron") at Bagram Airfield under active duty orders of the United States Department of Defense.

3.    Plaintiff Lieutenant Woods is a graduate of the United States Military Academy at West Point, who upon graduation received a commission as a Second Lieutenant in the United States Army.

4.    Plaintiff Lieutenant Woods excelled both academically and, particularly, athletically while at West Point as a competitive swimmer and diver. Upon graduation he proceeded to further successful training as an Infantry Officer and completed additional training as a U.S. Army Ranger.

5.    Defendant Triple Canopy, Inc. is an Illinois corporation, headquartered in Reston, Virginia, with a registered agent located in Springfield, Sangamon County, Illinois.

6.    Defendant Constellis, LLC is a limited liability company organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

7.    Defendant Constellis Holdings, LLC is a limited liability company organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

8.    Defendant Constellis, Inc. is a corporation organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 2 of 29

2

9.      Defendant Constellis Group, Inc. is a corporation organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

10.      Defendant Dylan Barrett is a resident of the state of Georgia.

11.      At all times relevant, and upon information and belief, the Defendants Constellis, LLC; Constellis Holdings, LLC; Constellis, Inc.; and Constellis Group, Inc., (collectively referred to in the common allegations as the "Constellis Defendants") were and are inter-related companies and/or part of a joint venture and/or common enterprise, and each individually and/or collectively were the owner, parent, joint venturer, and/or sole shareholder of its wholly owned subsidiary, Defendant Triple Canopy, Inc. ("Defendant Triple Canopy"), and as such, the Constellis Defendants are subject to the jurisdiction of this Court.

12.      Defendant Triple Canopy and/or the Constellis Defendants, who are responsible for the actions and/or omissions of the Defendant Triple Canopy, are a multi-national concern who provide, amongst other things, private security services in locations throughout the world, including, but not limited to, various United States military bases and installations, including at Bagram Airfield, in the Parwan Province of Afghanistan (referred to as "Bagram Airfield").

13.      At all times relevant and upon information and belief, Defendant, Dylan Barrett ("Barrett"), was an employee, agent, servant and/or representative of the Illinois-based Defendant Triple Canopy and/or the Constellis Defendants, and was hired by said Defendants as a private contractor to provide, amongst other things, security services at Bagram Airfield, and as such, Defendant Barrett is subject to the jurisdiction of this Court.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 3 of 29

3

14.     At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants were awarded various contracts by the United States government to provide, amongst other things, private security services at military installations throughout the world, including, but not limited to, Bagram Airfield (referred to as the "Security Contract").

15.     At all times relevant, and specifically with respect to the Security Contract, the Defendants, individually and/or collectively, were required to provide, amongst other things, static security (stationary armed guards, standing post with firearms and/or weapons) in protection of the unit's facilities on the air base, U.S. military personnel and others at Bagram Airfield, specifically including, but not limited to, Plaintiff Lieutenant Woods.

16.     At all times relevant, and upon information and belief, as a result of his employment with the Defendant Triple Canopy and/or the Constellis Defendants, Defendant Barrett was assigned to the Bagram Airfield and at all times alleged herein was acting within the course and scope of his employment and/or pursuant to the direction and/or control of the Defendant Triple Canopy and/or the Constellis Defendants.

17.     At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants, were required to provide their employees, agents, servants and/or representatives, specifically including the Defendant Barrett, with complete, proper and adequate weapons and firearm training, including, but not limited to, firearm use and gun safety training, as its employees, agents, servants and/or representatives, specifically including the Defendant Barrett, possessed side arms (hand guns) as part of their job responsibilities.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 4 of 29

4

18.     At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants failed to provide the necessary and proper weapons training, instruction and/or guidance to its employees, agents, servants and/or representatives, specifically including the Defendant Barrett, and as a result said individuals, specifically including the Defendant Barrett, were inadequately and/or inappropriately trained in firearm use and gun safety.

19.     At all times relevant, and upon information and belief, the employees, agents, servants and/or representatives of the Defendant Triple Canopy and/or the Constellis Defendants, specifically including the Defendant Barrett, arrived at Bagram Airfield without any weapons with which to perform their job.

20.     At all times relevant, and upon information and belief, after an inordinate delay in the furnishing of necessary weapons to their employees for performing their job duties, the Defendant Triple Canopy and/or the Constellis Defendants failed to provide the necessary and proper training, instruction and/or guidance concerning firearm use and gun safety to their employees, agents, servants and/or representatives, specifically including the Defendant Barrett.

21.     Notwithstanding the foregoing, including, but not limited to, inadequate firearm training and/or gun safety training, the Defendant Triple Canopy and/or the Constellis Defendants allowed, permitted and required Defendant Barrett to carry and possess a loaded firearm.

22.     Upon information and belief, on December 18, 2016, Defendant Barrett was at all times an employee, agent, servant and/or representative of the Defendant Triple Canopy and/or the Constellis Defendants and was acting within the course and scope of his employment and under the direction and/or control of said Defendants.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 5 of 29

5

23.     Upon information and belief, on December 18, 2016, Defendant Barrett entered an area where the Plaintiff was working, and Defendant Barrett had with him a charged, armed and loaded firearm.

24.     As the Defendant Barrett was handling his firearm in the vicinity of the Plaintiff, and specifically as a result of the inadequate, inappropriate and improper training provided by the Defendant Triple Canopy and/or the Constellis Defendants as alleged herein, the Defendant Barrett negligently, recklessly and/or carelessly fumbled his firearm causing it to discharge and Defendant Barrett shot the Plaintiff in the chest.

25.     As a result of being shot, the Plaintiff fell to the floor bleeding, and others in the vicinity of the shooting rushed to provide life-saving medical treatment to the gravely wounded Plaintiff as well as to detain Defendant Barrett.

26.     As a result of the severe, significant, permanent and grievous personal injuries sustained in the shooting, Plaintiff Lieutenant Woods was medically evacuated to Europe to begin an extremely long, continuing and painful recovery, including multiple surgeries, therapy, and permanent pain and other injuries.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 6 of 29

## Count I

**TRIPLE CANOPY, INC. – Negligence – Respondeat Superior**

27.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

28.     On or about December 18, 2016, and at all times relevant, Defendant BARRETT was acting within the course and scope of his employment as an actual and/or apparent employee, agent, servant and/or representative of Defendant TRIPLE CANOPY, INC.

6

29. On and prior to December 18, 2016, Defendant TRIPLE CANOPY, INC. voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

30. On or about December 18, 2016, and at all times relevant, Defendant TRIPLE CANOPY, INC., individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 7 of 29

a. Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Triple Canopy is responsible;

b. Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Triple Canopy is responsible;

c. Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d. Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e. Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f. Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g. Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

7

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 8 of 29

h.    Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.    Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.    Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.    Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.    Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.    Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.    said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

31.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

8

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

<u>Count II</u>

**TRIPLE CANOPY, INC. – Negligent Hiring/Retention**

32.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

33.     On and prior to December 18, 2016, Defendant, TRIPLE CANOPY, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

34.     On and prior to December 18, 2016, and at all times relevant, Defendant, TRIPLE CANOPY INC. was negligent, reckless and/or careless in one or more of the following respects:

   a.   Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

   b.   Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

   c.   Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 9 of 29

9

d. Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e. Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f. Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

35. As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

### Count III

### CONSTELLIS, LLC – Negligence – Respondeat Superior

36. Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 10 of 29

37.     On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS, LLC.

38.     On and prior to December 18, 2016, Defendant CONSTELLIS, LLC, voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

39.     On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS, LLC, individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 11 of 29

a.      Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis, LLC is responsible;

b.      Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis, LLC is responsible;

c.      Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.      Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.      Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

11

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 12 of 29

f.      Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.      Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.      Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.      Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.      Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.      Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.      Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.      Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.      Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.      Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.      Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.      said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

40.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

### Count IV

### CONSTELLIS, LLC – Negligent Hiring/Retention

41.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

42.    On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

43.    On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS, INC., was negligent, reckless and/or careless in one or more of the following respects:

a.    Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 13 of 29

13

b.    Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c.    Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

d.    Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.    Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f.    Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

44.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 14 of 29

14

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count V

### CONSTELLIS HOLDINGS, LLC – Negligence – Respondeat Superior

45.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

46.     On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS HOLDINGS, LLC.

47.     On and prior to December 18, 2016, Defendant, CONSTELLIS HOLDINGS, LLC, voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.37.   On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS HOLDINGS, LLC, individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

a.      Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis Holdings, LLC is responsible;

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 15 of 29

15

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 16 of 29

b.    Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis Holdings, LLC is responsible;

c.    Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.    Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.    Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f.    Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.    Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.    Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.    Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.      Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.      Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.      Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.      Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.      said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 17 of 29

48.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count VI

## CONSTELLIS HOLDINGS, LLC – Negligent Hiring/Retention

49.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

50.     On and prior to December 18, 2016, Defendant, CONSTELLIS HOLDINGS, LLC, hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

17

51.     On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS HOLDINGS, LLC, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 18 of 29

    a.    Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    b.    Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    c.    Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    d.    Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

    e.    Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

    f.    Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

18

52.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS HOLDINGS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count VII

### CONSTELLIS, INC – Negligence – Respondeat Superior

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 19 of 29

53.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

54.    On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS, INC.

55.    On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

56.    On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS, INC., individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

19

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 20 of 29

a.      Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis, Inc. is responsible;

b.      Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis, Inc. is responsible;

c.      Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.      Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.      Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f.      Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.      Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.      Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.      Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.      Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.      Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

20

l.     Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.     Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.     Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.     Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.     Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.     said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

57.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count VIII

### CONSTELLIS, INC. – Negligent Hiring/Retention

58.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 21 of 29

59.     On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

60.     On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS, INC., was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 22 of 29

a.      Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

b.      Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c.      Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

d.      Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.      Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

22

f. Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

61. As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 23 of 29

## Count IX

### CONSTELLIS GROUP, INC. – Negligence – Respondeat Superior

62. Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

63. On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS GROUP, INC.

64. On and prior to December 18, 2016, Defendant, CONSTELLIS GROUP, INC., voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

23

65. On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS GROUP, INC., individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

a. Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis Group, Inc. is responsible;

b. Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis Group, Inc. is responsible;

c. Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d. Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e. Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f. Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g. Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h. Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i. Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

24

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 24 of 29

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 25 of 29

j. Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k. Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l. Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m. Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n. Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o. Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p. Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q. said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

66. As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS GROUP, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count X

### CONSTELLIS GROUP, INC. – Negligent Hiring/Retention

67.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1

through 26 above.

68.    On and prior to December 18, 2016, Defendant, CONSTELLIS GROUP, INC.,

hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other

things, firearm and gun safety training and handling.

69.    On and prior to December 18, 2016, and at all times relevant, Defendant,

CONSTELLIS GROUP, INC., was negligent, reckless and/or careless in one or more of the

following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 26 of 29

a.    Failed to inquire and investigate properly and thoroughly Defendant
Barrett's background prior to being employed, retained and/or hired and/or
entrusted with dangerous and deadly weapons specifically including the
firearm that discharged and shot the Plaintiff causing grievous, severe, and
permanent injuries;

b.    Failed to inquire and investigate properly and thoroughly Defendant
Barrett's prior employment history before being employed, retained and/or
hired and/or entrusted with dangerous and deadly weapons specifically
including the firearm that discharged and shot the Plaintiff causing
grievous, severe, and permanent injuries;

c.    Failed to inquire and investigate properly Defendant Barrett's ability to
handle, possess and/or use deadly weapons prior to being employed,
retained and/or hired and/or entrusted with dangerous and deadly weapons
specifically including the firearm that discharged and shot the Plaintiff
causing grievous, severe, and permanent injuries;

d.    Failed to periodically examine, inquire and/or investigate Defendant Barrett
and specifically with respect to his use of deadly weapons and firearms after
being employed, retained, hired and/or entrusted with dangerous and deadly
weapons specifically including the firearm that discharged and shot the
Plaintiff causing grievous, severe, and permanent injuries, and had it done

26

so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.    Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f.    Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

70.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS GROUP, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 27 of 29

## Count XI

### DYLAN BARRETT – Negligence

71.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

72.    On or about December 18, 2016, and at all times relevant, Defendant BARRETT was at all times acting within the course and scope of his employment while providing security services at the Bagram Airfield.

27

73.     On and prior to December 18, 2016, Defendant BARRETT owed a duty of care to all persons, specifically including the Plaintiff, to practice appropriate, safe and proper firearm and gun safety handling, especially with respect to the firearm he was provided in the course and scope of his employment.

74.     On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 28 of 29

a.      Failed to ensure the safety and life of Plaintiff Lieutenant Woods;

b.      Failed to maintain control of his firearm;

c.      Improperly handled his firearm allowing it to discharge thereby injuring Plaintiff;

d.      Handled his firearm in an unsafe and dangerous manner;

e.      Drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the plaintiff;

f.      Failed to properly control his weapon and fumbled same causing it to discharge and shoot the Plaintiff resulting in severe, serious and grievous injuries;

g.      Failed to follow policies, procedures, and/or guidelines concerning firearm use and gun safety;

h.      Failed to obey all pertinent and/or applicable policies, procedures, and/or guidelines concerning firearm use and safety; and/or

i.      Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

j.      Failed to take all appropriate steps to avoid shooting and injuring Plaintiff.

28

75.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, DYLAN BARRETT, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 29 of 29

By:_____
              Attorney for Plaintiff

Timothy S. Tomasik
Patrick J. Giese
TOMASIK KOTIN KASSERMAN, LLC
161 North Clark Street, Suite 3050
Chicago, IL 60601
T: (312) 605-8800
F: (312) 605-8808
E: tim@tkklaw.com
E: pat@tkklaw.com
Firm. I.D. No. 56323

29

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
CALENDAR: X
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| ZACHARY W. WOODS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. |
| | ) | |
| TRIPLE CANOPY, INC.; | ) | |
| CONSTELLIS, LLC; | ) | |
| CONSTELLIS HOLDINGS, LLC; | ) | |
| CONSTELLIS, INC.; | ) | |
| CONSTELLIS GROUP, INC.; and | ) | |
| DYLAN BARRETT. | ) | *Plaintiff Demands a Jury Trial.* |
| | ) | |
| Defendants. | ) | |

## A F F I D A V I T

I, **Patrick J. Giese**, state under oath:

1.      I am an attorney associated with Tomasik Kotin Kasserman, LLC and am responsible for filing of the Complaint at Law in this matter.

2.      The total of money damages sought by plaintiff does exceed $50,000.00, exclusive of interest and costs.

TOMASIK KOTIN KASSERMAN, LLC
By:  Patrick J. Giese

SUBSCRIBED and SWORN to before me
This 26th day of June, 2018.

NOTARY PUBLIC

OFFICIAL SEAL
D. KARNEZIS
Notary Public, State of Illinois
My Commission Expires December 30, 2018

Timothy S. Tomasik
Patrick J. Giese
TOMASIK KOTIN KASSERMAN, LLC
Attorneys for Plaintiff
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
(312) 605-8800
Firm I.D. No. 56323

Summons - Alias Summons                                                          (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ZACHARY W. WOODS

v.

No. 2018-L-006631

TRIPLE CANOPY, INC.; CONSTELLIS GROUP,
INC.; CONSTELLIS, LLC; CONSTELLIS
HOLDINGS, LLC; CONSTELLIS, INC.; DYLAN
BARRETT

Defendant Address:
CONSTELLIS, LLC
R/A CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____ ,Chicago, Illinois 60602

☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows          ☐ District 4 - Maywood
  5600 Old Orchard Rd.           2121 Euclid 1500                        Maybrook Ave.
  Skokie, IL 60077               Rolling Meadows, IL 60008              Maywood, IL 60153

☐ District 5 - Bridgeview      ☐ District 6 - Markham                  ☐ Richard J. Daley Center
  10220 S. 76th Ave.             16501 S. Kedzie Pkwy.                   50 W. Washington, LL-01
  Bridgeview, IL 60455          Markham, IL 60428                       Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 56323

Name: TOMASIK KOTIN&KASSERMAN LLC

Atty. for: ZACHARY W. WOODS

Address: 161 N CLARK #3050

City/State/Zip Code: CHICAGO, IL 60601

Telephone: (312) 605-8800

Primary Email Address: phil@tkklaw.com

Secondary Email Address(es):

diane@tkklaw.com

Witness:          Tuesday, 26 June 2018

/s DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____  _____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
CALENDAR: X
PAGE 1 of 29
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| ZACHARY W. WOODS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| | ) |
| TRIPLE CANOPY, INC.; | ) |
| CONSTELLIS, LLC; | ) |
| CONSTELLIS HOLDINGS, LLC; | ) |
| CONSTELLIS, INC.; | ) |
| CONSTELLIS GROUP, INC.; and | ) |
| DYLAN BARRETT. | ) *Plaintiff Demands a Jury Trial.* |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AT LAW**

Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN

KASSERMAN, LLC, complaining of Defendants, TRIPLE CANOPY, INC.; CONSTELLIS,

LLC; CONSTELLIS HOLDINGS, LLC; CONSTELLIS, INC.; CONSTELLIS GROUP, INC.;

and DYLAN BARRETT, states:

**COMMON ALLEGATIONS**

1.     Plaintiff Zachary W. Woods ("Lieutenant Woods") is an active duty Officer with

the United States Army and he sustained serious, severe, grievous and permanent personal injuries

due to being shot by an employee, agent, servant and/or representative of the corporate defendants

who at the time of the shooting was acting within the course and scope of his employment, as

demonstrated below.

2.      At all times relevant, Plaintiff Lieutenant Woods was stationed in Afghanistan with the First Squadron of the Third Cavalry Regiment (hereinafter referred to as the "First Squadron") at Bagram Airfield under active duty orders of the United States Department of Defense.

3.      Plaintiff Lieutenant Woods is a graduate of the United States Military Academy at West Point, who upon graduation received a commission as a Second Lieutenant in the United States Army.

4.      Plaintiff Lieutenant Woods excelled both academically and, particularly, athletically while at West Point as a competitive swimmer and diver. Upon graduation he proceeded to further successful training as an Infantry Officer and completed additional training as a U.S. Army Ranger.

5.      Defendant Triple Canopy, Inc. is an Illinois corporation, headquartered in Reston, Virginia, with a registered agent located in Springfield, Sangamon County, Illinois.

6.      Defendant Constellis, LLC is a limited liability company organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

7.      Defendant Constellis Holdings, LLC is a limited liability company organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

8.      Defendant Constellis, Inc. is a corporation organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 2 of 29

9.    Defendant Constellis Group, Inc. is a corporation organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

10.    Defendant Dylan Barrett is a resident of the state of Georgia.

11.    At all times relevant, and upon information and belief, the Defendants Constellis, LLC; Constellis Holdings, LLC; Constellis, Inc.; and Constellis Group, Inc., (collectively referred to in the common allegations as the "Constellis Defendants") were and are inter-related companies and/or part of a joint venture and/or common enterprise, and each individually and/or collectively were the owner, parent, joint venturer, and/or sole shareholder of its wholly owned subsidiary, Defendant Triple Canopy, Inc. ("Defendant Triple Canopy"), and as such, the Constellis Defendants are subject to the jurisdiction of this Court.

12.    Defendant Triple Canopy and/or the Constellis Defendants, who are responsible for the actions and/or omissions of the Defendant Triple Canopy, are a multi-national concern who provide, amongst other things, private security services in locations throughout the world, including, but not limited to, various United States military bases and installations, including at Bagram Airfield, in the Parwan Province of Afghanistan (referred to as "Bagram Airfield").

13.    At all times relevant and upon information and belief, Defendant, Dylan Barrett ("Barrett"), was an employee, agent, servant and/or representative of the Illinois-based Defendant Triple Canopy and/or the Constellis Defendants, and was hired by said Defendants as a private contractor to provide, amongst other things, security services at Bagram Airfield, and as such, Defendant Barrett is subject to the jurisdiction of this Court.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 3 of 29

3

14.    At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants were awarded various contracts by the United States government to provide, amongst other things, private security services at military installations throughout the world, including, but not limited to, Bagram Airfield (referred to as the "Security Contract").

15.    At all times relevant, and specifically with respect to the Security Contract, the Defendants, individually and/or collectively, were required to provide, amongst other things, static security (stationary armed guards, standing post with firearms and/or weapons) in protection of the unit's facilities on the air base, U.S. military personnel and others at Bagram Airfield, specifically including, but not limited to, Plaintiff Lieutenant Woods.

16.    At all times relevant, and upon information and belief, as a result of his employment with the Defendant Triple Canopy and/or the Constellis Defendants, Defendant Barrett was assigned to the Bagram Airfield and at all times alleged herein was acting within the course and scope of his employment and/or pursuant to the direction and/or control of the Defendant Triple Canopy and/or the Constellis Defendants.

17.    At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants, were required to provide their employees, agents, servants and/or representatives, specifically including the Defendant Barrett, with complete, proper and adequate weapons and firearm training, including, but not limited to, firearm use and gun safety training, as its employees, agents, servants and/or representatives, specifically including the Defendant Barrett, possessed side arms (hand guns) as part of their job responsibilities.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 4 of 29

4

18.　At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants failed to provide the necessary and proper weapons training, instruction and/or guidance to its employees, agents, servants and/or representatives, specifically including the Defendant Barrett, and as a result said individuals, specifically including the Defendant Barrett, were inadequately and/or inappropriately trained in firearm use and gun safety.

19.　At all times relevant, and upon information and belief, the employees, agents, servants and/or representatives of the Defendant Triple Canopy and/or the Constellis Defendants, specifically including the Defendant Barrett, arrived at Bagram Airfield without any weapons with which to perform their job.

20.　At all times relevant, and upon information and belief, after an inordinate delay in the furnishing of necessary weapons to their employees for performing their job duties, the Defendant Triple Canopy and/or the Constellis Defendants failed to provide the necessary and proper training, instruction and/or guidance concerning firearm use and gun safety to their employees, agents, servants and/or representatives, specifically including the Defendant Barrett.

21.　Notwithstanding the foregoing, including, but not limited to, inadequate firearm training and/or gun safety training, the Defendant Triple Canopy and/or the Constellis Defendants allowed, permitted and required Defendant Barrett to carry and possess a loaded firearm.

22.　Upon information and belief, on December 18, 2016, Defendant Barrett was at all times an employee, agent, servant and/or representative of the Defendant Triple Canopy and/or the Constellis Defendants and was acting within the course and scope of his employment and under the direction and/or control of said Defendants.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 5 of 29

5

23.     Upon information and belief, on December 18, 2016, Defendant Barrett entered an area where the Plaintiff was working, and Defendant Barrett had with him a charged, armed and loaded firearm.

24.     As the Defendant Barrett was handling his firearm in the vicinity of the Plaintiff, and specifically as a result of the inadequate, inappropriate and improper training provided by the Defendant Triple Canopy and/or the Constellis Defendants as alleged herein, the Defendant Barrett negligently, recklessly and/or carelessly fumbled his firearm causing it to discharge and Defendant Barrett shot the Plaintiff in the chest.

25.     As a result of being shot, the Plaintiff fell to the floor bleeding, and others in the vicinity of the shooting rushed to provide life-saving medical treatment to the gravely wounded Plaintiff as well as to detain Defendant Barrett.

26.     As a result of the severe, significant, permanent and grievous personal injuries sustained in the shooting, Plaintiff Lieutenant Woods was medically evacuated to Europe to begin an extremely long, continuing and painful recovery, including multiple surgeries, therapy, and permanent pain and other injuries.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 6 of 29

## Count I

### TRIPLE CANOPY, INC. – Negligence – Respondeat Superior

27.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

28.     On or about December 18, 2016, and at all times relevant, Defendant BARRETT was acting within the course and scope of his employment as an actual and/or apparent employee, agent, servant and/or representative of Defendant TRIPLE CANOPY, INC.

6

29.     On and prior to December 18, 2016, Defendant TRIPLE CANOPY, INC. voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

30.     On or about December 18, 2016, and at all times relevant, Defendant TRIPLE CANOPY, INC., individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 7 of 29

a.      Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Triple Canopy is responsible;

b.      Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Triple Canopy is responsible;

c.      Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.      Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.      Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f.      Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.      Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

7

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 8 of 29

h.    Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.    Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.    Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.    Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.    Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.    Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.    said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

31.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

8

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count II

### TRIPLE CANOPY, INC. – Negligent Hiring/Retention

32.   Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

33.   On and prior to December 18, 2016, Defendant, TRIPLE CANOPY, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

34.   On and prior to December 18, 2016, and at all times relevant, Defendant, TRIPLE CANOPY INC. was negligent, reckless and/or careless in one or more of the following respects:

a.   Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

b.   Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c.   Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 9 of 29

9

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 10 of 29

    d.    Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

    e.    Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

    f.    Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

35.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count III

### CONSTELLIS, LLC – Negligence – Respondeat Superior

36.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

10

37.    On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS, LLC.

38.    On and prior to December 18, 2016, Defendant CONSTELLIS, LLC, voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

39.    On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS, LLC, individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 11 of 29

a.    Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis, LLC is responsible;

b.    Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis, LLC is responsible;

c.    Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.    Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.    Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

11

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 12 of 29

f.    Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.    Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.    Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.    Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.    Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.    Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.    Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.    Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.    said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

12

40. As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

<u>**Count IV**</u>

**CONSTELLIS, LLC – Negligent Hiring/Retention**

41. Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

42. On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

43. On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS, INC., was negligent, reckless and/or careless in one or more of the following respects:

a. Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 13 of 29

13

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 14 of 29

b.     Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c.     Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

d.     Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.     Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f.     Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

44.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

14

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

**Count V**

**CONSTELLIS HOLDINGS, LLC – Negligence – Respondeat Superior**

45.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

46.     On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS HOLDINGS, LLC.

47.     On and prior to December 18, 2016, Defendant, CONSTELLIS HOLDINGS, LLC, voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.37.     On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS HOLDINGS, LLC, individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

> a.     Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis Holdings, LLC is responsible;

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 15 of 29

15

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 16 of 29

b.    Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis Holdings, LLC is responsible;

c.    Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.    Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.    Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f.    Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.    Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.    Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.    Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

16

m.    Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.    Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.    Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.    Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.    said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

48.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 17 of 29

## Count VI

### CONSTELLIS HOLDINGS, LLC – Negligent Hiring/Retention

49.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

50.    On and prior to December 18, 2016, Defendant, CONSTELLIS HOLDINGS, LLC, hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

51.    On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS HOLDINGS, LLC, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 18 of 29

a.    Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

b.    Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c.    Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

d.    Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.    Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f.    Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

18

52.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS HOLDINGS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

<u>Count VII</u>

**CONSTELLIS, INC – Negligence – Respondeat Superior**

53.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

54.     On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS, INC.

55.     On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

56.     On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS, INC., individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 19 of 29

19

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 20 of 29

a.  Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis, Inc. is responsible;

b.  Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis, Inc. is responsible;

c.  Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.  Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.  Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f.  Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.  Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.  Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.  Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.  Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.  Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

20

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 21 of 29

l.  Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.  Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.  Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.  Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.  Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.  said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

57.  As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count VIII

### CONSTELLIS, INC. – Negligent Hiring/Retention

58.  Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

21

59. On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

60. On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS, INC., was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 22 of 29

    a. Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    b. Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    c. Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    d. Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

    e. Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

22

      f.     Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

61.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 23 of 29

## Count IX

### CONSTELLIS GROUP, INC. – Negligence – Respondeat Superior

62.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

63.     On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS GROUP, INC.

64.     On and prior to December 18, 2016, Defendant, CONSTELLIS GROUP, INC., voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

23

65.     On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS GROUP, INC., individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

a.      Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis Group, Inc. is responsible;

b.      Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis Group, Inc. is responsible;

c.      Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.      Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.      Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f.      Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.      Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.      Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.      Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 24 of 29

24

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 25 of 29

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.    Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.    Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.    Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.    Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.    said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

66.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS GROUP, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count X

### CONSTELLIS GROUP, INC. – Negligent Hiring/Retention

67. Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

68. On and prior to December 18, 2016, Defendant, CONSTELLIS GROUP, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

69. On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS GROUP, INC., was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 26 of 29

    a. Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    b. Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    c. Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    d. Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done

so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.    Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f.    Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

70.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS GROUP, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 27 of 29

## Count XI

### DYLAN BARRETT – Negligence

71.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

72.    On or about December 18, 2016, and at all times relevant, Defendant BARRETT was at all times acting within the course and scope of his employment while providing security services at the Bagram Airfield.

73.   On and prior to December 18, 2016, Defendant BARRETT owed a duty of care to all persons, specifically including the Plaintiff, to practice appropriate, safe and proper firearm and gun safety handling, especially with respect to the firearm he was provided in the course and scope of his employment.

74.   On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 28 of 29

a.   Failed to ensure the safety and life of Plaintiff Lieutenant Woods;

b.   Failed to maintain control of his firearm;

c.   Improperly handled his firearm allowing it to discharge thereby injuring Plaintiff;

d.   Handled his firearm in an unsafe and dangerous manner;

e.   Drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the plaintiff;

f.   Failed to properly control his weapon and fumbled same causing it to discharge and shoot the Plaintiff resulting in severe, serious and grievous injuries;

g.   Failed to follow policies, procedures, and/or guidelines concerning firearm use and gun safety;

h.   Failed to obey all pertinent and/or applicable policies, procedures, and/or guidelines concerning firearm use and safety; and/or

i.   Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

j.   Failed to take all appropriate steps to avoid shooting and injuring Plaintiff.

75.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, DYLAN BARRETT, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 29 of 29

By: _____
        Attorney for Plaintiff

Timothy S. Tomasik
Patrick J. Giese
TOMASIK KOTIN KASSERMAN, LLC
161 North Clark Street, Suite 3050
Chicago, IL 60601
T: (312) 605-8800
F: (312) 605-8808
E: tim@tkklaw.com
E: pat@tkklaw.com
Firm. I.D. No. 56323

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
CALENDAR: X
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ZACHARY W. WOODS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. |
| | ) | |
| TRIPLE CANOPY, INC.; | ) | |
| CONSTELLIS, LLC; | ) | |
| CONSTELLIS HOLDINGS, LLC; | ) | |
| CONSTELLIS, INC.; | ) | |
| CONSTELLIS GROUP, INC.; and | ) | |
| DYLAN BARRETT. | ) | *Plaintiff Demands a Jury Trial.* |
| | ) | |
| Defendants. | ) | |

## A F F I D A V I T

I, **Patrick J. Giese,** state under oath:

1.     I am an attorney associated with Tomasik Kotin Kasserman, LLC and am responsible for

filing of the Complaint at Law in this matter.

2.     The total of money damages sought by plaintiff does exceed $50,000.00, exclusive of

interest and costs.

_____
TOMASIK KOTIN KASSERMAN, LLC
By:  Patrick J. Giese

SUBSCRIBED and SWORN to before me
This 26ᵗʰ day of June, 2018.

_____
NOTARY PUBLIC

OFFICIAL SEAL
D. KARNEZIS
Notary Public, State of Illinois
My Commission Expires December 30, 2018

Timothy S. Tomasik
Patrick J. Giese
TOMASIK KOTIN KASSERMAN, LLC
Attorneys for Plaintiff
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
(312) 605-8800
Firm I.D. No. 56323

Summons - Alias Summons                                                    (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ZACHARY W. WOODS

v.

TRIPLE CANOPY, INC.; CONSTELLIS GROUP, INC.; CONSTELLIS, LLC; CONSTELLIS HOLDINGS, LLC; CONSTELLIS, INC.; DYLAN BARRETT

No. 2018-L-006631

Defendant Address:
CONSTELLIS HOLDINGS, LLC
R/A CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____ ,Chicago, Illinois 60602

☐ District 2 - Skokie  
    5600 Old Orchard Rd.  
    Skokie, IL 60077

☐ District 3 - Rolling Meadows  
    2121 Euclid 1500  
    Rolling Meadows, IL 60008

☐ District 4 - Maywood  
    Maybrook Ave.  
    Maywood, IL 60153

☐ District 5 - Bridgeview  
    10220 S. 76th Ave.  
    Bridgeview, IL 60455

☐ District 6 - Markham  
    16501 S. Kedzie Pkwy.  
    Markham, IL 60428

☐ Richard J. Daley Center  
    50 W. Washington, LL-01  
    Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 56323

Name: TOMASIK KOTIN&KASSERMAN LLC

Atty. for: ZACHARY W. WOODS

Address: 161 N CLARK #3050

City/State/Zip Code: CHICAGO, IL 60601

Telephone: (312) 605-8800

Primary Email Address: phil@tkklaw.com

Secondary Email Address(es):

diane@tkklaw.com

Witness: Tuesday, 26 June 2018

/s DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____

(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
CALENDAR: X
PAGE 1 of 29
CIRCUIT COURT OF
COOK COUNTY ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| ZACHARY W. WOODS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| | ) |
| TRIPLE CANOPY, INC.; | ) |
| CONSTELLIS, LLC; | ) |
| CONSTELLIS HOLDINGS, LLC; | ) |
| CONSTELLIS, INC.; | ) |
| CONSTELLIS GROUP, INC.; and | ) |
| DYLAN BARRETT. | ) *Plaintiff Demands a Jury Trial.* |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN

KASSERMAN, LLC, complaining of Defendants, TRIPLE CANOPY, INC.; CONSTELLIS,

LLC; CONSTELLIS HOLDINGS, LLC; CONSTELLIS, INC.; CONSTELLIS GROUP, INC.;

and DYLAN BARRETT, states:

## COMMON ALLEGATIONS

1.      Plaintiff Zachary W. Woods ("Lieutenant Woods") is an active duty Officer with

the United States Army and he sustained serious, severe, grievous and permanent personal injuries

due to being shot by an employee, agent, servant and/or representative of the corporate defendants

who at the time of the shooting was acting within the course and scope of his employment, as

demonstrated below.

2.     At all times relevant, Plaintiff Lieutenant Woods was stationed in Afghanistan with the First Squadron of the Third Cavalry Regiment (hereinafter referred to as the "First Squadron") at Bagram Airfield under active duty orders of the United States Department of Defense.

3.     Plaintiff Lieutenant Woods is a graduate of the United States Military Academy at West Point, who upon graduation received a commission as a Second Lieutenant in the United States Army.

4.     Plaintiff Lieutenant Woods excelled both academically and, particularly, athletically while at West Point as a competitive swimmer and diver.  Upon graduation he proceeded to further successful training as an Infantry Officer and completed additional training as a U.S. Army Ranger.

5.     Defendant Triple Canopy, Inc. is an Illinois corporation, headquartered in Reston, Virginia, with a registered agent located in Springfield, Sangamon County, Illinois.

6.     Defendant Constellis, LLC is a limited liability company organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

7.     Defendant Constellis Holdings, LLC is a limited liability company organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

8.     Defendant Constellis, Inc. is a corporation organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 2 of 29

2

9.     Defendant Constellis Group, Inc. is a corporation organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

10.     Defendant Dylan Barrett is a resident of the state of Georgia.

11.     At all times relevant, and upon information and belief, the Defendants Constellis, LLC; Constellis Holdings, LLC; Constellis, Inc.; and Constellis Group, Inc., (collectively referred to in the common allegations as the "Constellis Defendants") were and are inter-related companies and/or part of a joint venture and/or common enterprise, and each individually and/or collectively were the owner, parent, joint venturer, and/or sole shareholder of its wholly owned subsidiary, Defendant Triple Canopy, Inc. ("Defendant Triple Canopy"), and as such, the Constellis Defendants are subject to the jurisdiction of this Court.

12.     Defendant Triple Canopy and/or the Constellis Defendants, who are responsible for the actions and/or omissions of the Defendant Triple Canopy, are a multi-national concern who provide, amongst other things, private security services in locations throughout the world, including, but not limited to, various United States military bases and installations, including at Bagram Airfield, in the Parwan Province of Afghanistan (referred to as "Bagram Airfield").

13.     At all times relevant and upon information and belief, Defendant, Dylan Barrett ("Barrett"), was an employee, agent, servant and/or representative of the Illinois-based Defendant Triple Canopy and/or the Constellis Defendants, and was hired by said Defendants as a private contractor to provide, amongst other things, security services at Bagram Airfield, and as such, Defendant Barrett is subject to the jurisdiction of this Court.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 3 of 29

3

14.　At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants were awarded various contracts by the United States government to provide, amongst other things, private security services at military installations throughout the world, including, but not limited to, Bagram Airfield (referred to as the "Security Contract").

15.　At all times relevant, and specifically with respect to the Security Contract, the Defendants, individually and/or collectively, were required to provide, amongst other things, static security (stationary armed guards, standing post with firearms and/or weapons) in protection of the unit's facilities on the air base, U.S. military personnel and others at Bagram Airfield, specifically including, but not limited to, Plaintiff Lieutenant Woods.

16.　At all times relevant, and upon information and belief, as a result of his employment with the Defendant Triple Canopy and/or the Constellis Defendants, Defendant Barrett was assigned to the Bagram Airfield and at all times alleged herein was acting within the course and scope of his employment and/or pursuant to the direction and/or control of the Defendant Triple Canopy and/or the Constellis Defendants.

17.　At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants, were required to provide their employees, agents, servants and/or representatives, specifically including the Defendant Barrett, with complete, proper and adequate weapons and firearm training, including, but not limited to, firearm use and gun safety training, as its employees, agents, servants and/or representatives, specifically including the Defendant Barrett, possessed side arms (hand guns) as part of their job responsibilities.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 4 of 29

4

18.    · At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants failed to provide the necessary and proper weapons training, instruction and/or guidance to its employees, agents, servants and/or representatives, specifically including the Defendant Barrett, and as a result said individuals, specifically including the Defendant Barrett, were inadequately and/or inappropriately trained in firearm use and gun safety.

19.    At all times relevant, and upon information and belief, the employees, agents, servants and/or representatives of the Defendant Triple Canopy and/or the Constellis Defendants, specifically including the Defendant Barrett, arrived at Bagram Airfield without any weapons with which to perform their job.

20.    At all times relevant, and upon information and belief, after an inordinate delay in the furnishing of necessary weapons to their employees for performing their job duties, the Defendant Triple Canopy and/or the Constellis Defendants failed to provide the necessary and proper training, instruction and/or guidance concerning firearm use and gun safety to their employees, agents, servants and/or representatives, specifically including the Defendant Barrett.

21.    Notwithstanding the foregoing, including, but not limited to, inadequate firearm training and/or gun safety training, the Defendant Triple Canopy and/or the Constellis Defendants allowed, permitted and required Defendant Barrett to carry and possess a loaded firearm.

22.    Upon information and belief, on December 18, 2016, Defendant Barrett was at all times an employee, agent, servant and/or representative of the Defendant Triple Canopy and/or the Constellis Defendants and was acting within the course and scope of his employment and under the direction and/or control of said Defendants.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 5 of 29

5

23.     Upon information and belief, on December 18, 2016, Defendant Barrett entered an area where the Plaintiff was working, and Defendant Barrett had with him a charged, armed and loaded firearm.

24.     As the Defendant Barrett was handling his firearm in the vicinity of the Plaintiff, and specifically as a result of the inadequate, inappropriate and improper training provided by the Defendant Triple Canopy and/or the Constellis Defendants as alleged herein, the Defendant Barrett negligently, recklessly and/or carelessly fumbled his firearm causing it to discharge and Defendant Barrett shot the Plaintiff in the chest.

25.     As a result of being shot, the Plaintiff fell to the floor bleeding, and others in the vicinity of the shooting rushed to provide life-saving medical treatment to the gravely wounded Plaintiff as well as to detain Defendant Barrett.

26.     As a result of the severe, significant, permanent and grievous personal injuries sustained in the shooting, Plaintiff Lieutenant Woods was medically evacuated to Europe to begin an extremely long, continuing and painful recovery, including multiple surgeries, therapy, and permanent pain and other injuries.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 6 of 29

## Count I

### TRIPLE CANOPY, INC. – Negligence – Respondeat Superior

27.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

28.     On or about December 18, 2016, and at all times relevant, Defendant BARRETT was acting within the course and scope of his employment as an actual and/or apparent employee, agent, servant and/or representative of Defendant TRIPLE CANOPY, INC.

6

29.    On and prior to December 18, 2016, Defendant TRIPLE CANOPY, INC.
voluntarily assumed, contracted to perform, and owed a duty of care to provide security services,
including, but not limited to, providing its employees, agents, servants and/or representatives with
proper and appropriate firearm and gun safety training.

30.    On or about December 18, 2016, and at all times relevant, Defendant TRIPLE
CANOPY, INC., individually and/or by and through its employees, agents, servants and/or
representatives, including, but not limited to, Defendant BARRETT, was negligent, reckless
and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 7 of 29

a.    Defendant Barrett fumbled and failed to maintain control of his firearm
causing it to discharge and shoot the Plaintiff for which Defendant Triple
Canopy is responsible;

b.    Defendant Barrett unholstered, drew and improperly displayed a charged,
armed, loaded and dangerous weapon, and/or improperly attempted to clear
the weapon causing it to become charged, and then allowed the firearm to
discharge, shooting the Plaintiff, for which Defendant Triple Canopy is
responsible;

c.    Failed to provide proper, appropriate and/or adequate firearm and gun
safety training to its employees, agents, servants, and/or representatives,
specifically including the Defendant Barrett, which resulted in Defendant
Barrett improperly fumbling his gun causing it to discharge and shoot the
Plaintiff as set forth herein;

d.    Allowed the Defendant Barrett to use and possess a dangerous and deadly
weapon in a dangerous and unsafe manner;

e.    Allowed Defendant Barrett to improperly handle his firearm allowing it to
discharge thereby injuring Plaintiff;

f.    Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous
manner;

g.    Failed to prohibit its employees, agents, servants and/or representatives
from carrying charged, armed, loaded and dangerous weapons unless and
until proper and appropriate firearm and gun safety training was provided;

7

h. Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i. Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j. Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k. Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l. Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m. Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n. Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o. Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p. Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q. said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

31.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 8 of 29

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

**Count II**

**TRIPLE CANOPY, INC. – Negligent Hiring/Retention**

32.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

33.     On and prior to December 18, 2016, Defendant, TRIPLE CANOPY, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

34.     On and prior to December 18, 2016, and at all times relevant, Defendant, TRIPLE CANOPY INC. was negligent, reckless and/or careless in one or more of the following respects:

a.     Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

b.     Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c.     Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 9 of 29

9

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 10 of 29

    d.    Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

    e.    Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

    f.    Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

35.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count III

### CONSTELLIS, LLC – Negligence – Respondeat Superior

36.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

10

37.　　On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS, LLC.

38.　　On and prior to December 18, 2016, Defendant CONSTELLIS, LLC, voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

39.　　On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS, LLC, individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 11 of 29

a.　　Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis, LLC is responsible;

b.　　Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis, LLC is responsible;

c.　　Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.　　Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.　　Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

11

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 12 of 29

f.    Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.    Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.    Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.    Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.    Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.    Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.    Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.    Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.    said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

12

40.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

<u>**Count IV**</u>

**CONSTELLIS, LLC – Negligent Hiring/Retention**

41.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

42.    On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

43.    On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS, INC., was negligent, reckless and/or careless in one or more of the following respects:

a.    Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 13 of 29

13

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 14 of 29

b.  Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c.  Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

d.  Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.  Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f.  Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

44.  As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

14

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

### Count V

### CONSTELLIS HOLDINGS, LLC – Negligence – Respondeat Superior

45.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

46.     On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS HOLDINGS, LLC.

47.     On and prior to December 18, 2016, Defendant, CONSTELLIS HOLDINGS, LLC, voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.37.   On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS HOLDINGS, LLC, individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 15 of 29

      a.     Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis Holdings, LLC is responsible;

15

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 16 of 29

b.    Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis Holdings, LLC is responsible;

c.    Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.    Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.    Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f.    Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.    Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.    Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.    Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

16

m. Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n. Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o. Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p. Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q. said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

48. As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 17 of 29

## Count VI

### CONSTELLIS HOLDINGS, LLC – Negligent Hiring/Retention

49. Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

50. On and prior to December 18, 2016, Defendant, CONSTELLIS HOLDINGS, LLC, hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

17

51.     On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS HOLDINGS, LLC, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 18 of 29

a.      Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

b.      Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c.      Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

d.      Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.      Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f.      Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

18

52.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS HOLDINGS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

<u>Count VII</u>

**CONSTELLIS, INC – Negligence – Respondeat Superior**

53.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

54.     On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS, INC.

55.     On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

56.     On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS, INC., individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 19 of 29

19

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 20 of 29

a. Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis, Inc. is responsible;

b. Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis, Inc. is responsible;

c. Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d. Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e. Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f. Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g. Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h. Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i. Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j. Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k. Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

20

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.    Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.    Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.    Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.    Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.    said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

57.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

### Count VIII

**CONSTELLIS, INC. – Negligent Hiring/Retention**

58.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 21 of 29

59.    On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

60.    On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS, INC., was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 22 of 29

a.    Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

b.    Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c.    Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

d.    Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.    Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

22

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 23 of 29

     f.    Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

61.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count IX

### CONSTELLIS GROUP, INC. – Negligence – Respondeat Superior

62.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

63.    On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS GROUP, INC.

64.    On and prior to December 18, 2016, Defendant, CONSTELLIS GROUP, INC., voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

23

65.     On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS GROUP, INC., individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 24 of 29

a.      Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis Group, Inc. is responsible;

b.      Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis Group, Inc. is responsible;

c.      Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.      Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.      Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f.      Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.      Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.      Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.      Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

24

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 25 of 29

j.      Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.      Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.      Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.      Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.      Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.      Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.      Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.      said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

66.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS GROUP, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

25

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 26 of 29

**Count X**

**CONSTELLIS GROUP, INC. – Negligent Hiring/Retention**

67. Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

68. On and prior to December 18, 2016, Defendant, CONSTELLIS GROUP, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

69. On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS GROUP, INC., was negligent, reckless and/or careless in one or more of the following respects:

    a. Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    b. Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    c. Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

    d. Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done

26

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 27 of 29

so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e. Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f. Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

70. As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS GROUP, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count XI

### DYLAN BARRETT – Negligence

71. Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

72. On or about December 18, 2016, and at all times relevant, Defendant BARRETT was at all times acting within the course and scope of his employment while providing security services at the Bagram Airfield.

27

73. On and prior to December 18, 2016, Defendant BARRETT owed a duty of care to all persons, specifically including the Plaintiff, to practice appropriate, safe and proper firearm and gun safety handling, especially with respect to the firearm he was provided in the course and scope of his employment.

74. On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 28 of 29

  a. Failed to ensure the safety and life of Plaintiff Lieutenant Woods;

  b. Failed to maintain control of his firearm;

  c. Improperly handled his firearm allowing it to discharge thereby injuring Plaintiff;

  d. Handled his firearm in an unsafe and dangerous manner;

  e. Drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the plaintiff;

  f. Failed to properly control his weapon and fumbled same causing it to discharge and shoot the Plaintiff resulting in severe, serious and grievous injuries;

  g. Failed to follow policies, procedures, and/or guidelines concerning firearm use and gun safety;

  h. Failed to obey all pertinent and/or applicable policies, procedures, and/or guidelines concerning firearm use and safety; and/or

  i. Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

  j. Failed to take all appropriate steps to avoid shooting and injuring Plaintiff.

75.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, DYLAN BARRETT, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

By: _____
      Attorney for Plaintiff

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 29 of 29

Timothy S. Tomasik
Patrick J. Giese
TOMASIK KOTIN KASSERMAN, LLC
161 North Clark Street, Suite 3050
Chicago, IL 60601
T: (312) 605-8800
F: (312) 605-8808
E: tim@tkklaw.com
E: pat@tkklaw.com
Firm. I.D. No.  56323

29

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
CALENDAR: X
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ZACHARY W. WOODS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. |
| | ) | |
| TRIPLE CANOPY, INC.; | ) | |
| CONSTELLIS, LLC; | ) | |
| CONSTELLIS HOLDINGS, LLC; | ) | |
| CONSTELLIS, INC.; | ) | |
| CONSTELLIS GROUP, INC.; and | ) | |
| DYLAN BARRETT. | ) | *Plaintiff Demands a Jury Trial.* |
| | ) | |
| Defendants. | ) | |

## A F F I D A V I T

I, **Patrick J. Giese**, state under oath:

1.      I am an attorney associated with Tomasik Kotin Kasserman, LLC and am responsible for

filing of the Complaint at Law in this matter.

2.      The total of money damages sought by plaintiff does exceed $50,000.00, exclusive of

interest and costs.

TOMASIK KOTIN KASSERMAN, LLC
By:  Patrick J. Giese

SUBSCRIBED and SWORN to before me
This 26th day of June, 2018.

NOTARY PUBLIC

OFFICIAL SEAL
D. KARNEZIS
Notary Public, State of Illinois
My Commission Expires December 30, 2018

Timothy S. Tomasik
Patrick J. Giese
TOMASIK KOTIN KASSERMAN, LLC
Attorneys for Plaintiff
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
(312) 605-8800
Firm I.D. No. 56323

Summons - Alias Summons                                                  (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ZACHARY W. WOODS

v.

TRIPLE CANOPY, INC.; CONSTELLIS GROUP,
INC.; CONSTELLIS, LLC; CONSTELLIS
HOLDINGS, LLC; CONSTELLIS, INC.; DYLAN
BARRETT

**No.** 2018-L-006631

Defendant Address:
CONSTELLIS, INC.
R/A CORPORATION SERVICE COMPANY
251 LITTLE FALLS DRIVE
WILMINGTON, DE 19808

☑ **SUMMONS** ☐ **ALIAS - SUMMONS**

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the
following location:

    ☑ Richard J. Daley Center, 50 W. Washington, Room 801            ,Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
| 5600 Old Orchard Rd. | 2121 Euclid 1500 | Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Richard J. Daley Center |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 50 W. Washington, LL-01 |
| Bridgeview, IL 60455 | Markham, IL 60428 | Chicago, IL 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE
RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement
of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so
endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 56323

Name: TOMASIK KOTIN&KASSERMAN LLC

Atty. for: ZACHARY W. WOODS

Address: 161 N CLARK #3050

City/State/Zip Code: CHICAGO, IL 60601

Telephone: (312) 605-8800

Primary Email Address: phil@tkklaw.com

Secondary Email Address(es):

diane@tkklaw.com

Witness:           Tuesday, 26 June 2018

/s DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service:

(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code)   (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
CALENDAR: X
PAGE 1 of 29
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ZACHARY W. WOODS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. |
| | ) | |
| TRIPLE CANOPY, INC.; | ) | |
| CONSTELLIS, LLC; | ) | |
| CONSTELLIS HOLDINGS, LLC; | ) | |
| CONSTELLIS, INC.; | ) | |
| CONSTELLIS GROUP, INC.; and | ) | |
| DYLAN BARRETT. | ) | *Plaintiff Demands a Jury Trial.* |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN

KASSERMAN, LLC, complaining of Defendants, TRIPLE CANOPY, INC.; CONSTELLIS,

LLC; CONSTELLIS HOLDINGS, LLC; CONSTELLIS, INC.; CONSTELLIS GROUP, INC.;

and DYLAN BARRETT, states:

### COMMON ALLEGATIONS

1.      Plaintiff Zachary W. Woods ("Lieutenant Woods") is an active duty Officer with

the United States Army and he sustained serious, severe, grievous and permanent personal injuries

due to being shot by an employee, agent, servant and/or representative of the corporate defendants

who at the time of the shooting was acting within the course and scope of his employment, as

demonstrated below.

2.    At all times relevant, Plaintiff Lieutenant Woods was stationed in Afghanistan with the First Squadron of the Third Cavalry Regiment (hereinafter referred to as the "First Squadron") at Bagram Airfield under active duty orders of the United States Department of Defense.

3.    Plaintiff Lieutenant Woods is a graduate of the United States Military Academy at West Point, who upon graduation received a commission as a Second Lieutenant in the United States Army.

4.    Plaintiff Lieutenant Woods excelled both academically and, particularly, athletically while at West Point as a competitive swimmer and diver. Upon graduation he proceeded to further successful training as an Infantry Officer and completed additional training as a U.S. Army Ranger.

5.    Defendant Triple Canopy, Inc. is an Illinois corporation, headquartered in Reston, Virginia, with a registered agent located in Springfield, Sangamon County, Illinois.

6.    Defendant Constellis, LLC is a limited liability company organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

7.    Defendant Constellis Holdings, LLC is a limited liability company organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

8.    Defendant Constellis, Inc. is a corporation organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 2 of 29

2

9.      Defendant Constellis Group, Inc. is a corporation organized and existing under the laws of the state of Delaware, and maintains a principal place of business in the Commonwealth of Virginia.

10.     Defendant Dylan Barrett is a resident of the state of Georgia.

11.     At all times relevant, and upon information and belief, the Defendants Constellis, LLC; Constellis Holdings, LLC; Constellis, Inc.; and Constellis Group, Inc., (collectively referred to in the common allegations as the "Constellis Defendants") were and are inter-related companies and/or part of a joint venture and/or common enterprise, and each individually and/or collectively were the owner, parent, joint venturer, and/or sole shareholder of its wholly owned subsidiary, Defendant Triple Canopy, Inc. ("Defendant Triple Canopy"), and as such, the Constellis Defendants are subject to the jurisdiction of this Court.

12.     Defendant Triple Canopy and/or the Constellis Defendants, who are responsible for the actions and/or omissions of the Defendant Triple Canopy, are a multi-national concern who provide, amongst other things, private security services in locations throughout the world, including, but not limited to, various United States military bases and installations, including at Bagram Airfield, in the Parwan Province of Afghanistan (referred to as "Bagram Airfield").

13.     At all times relevant and upon information and belief, Defendant, Dylan Barrett ("Barrett"), was an employee, agent, servant and/or representative of the Illinois-based Defendant Triple Canopy and/or the Constellis Defendants, and was hired by said Defendants as a private contractor to provide, amongst other things, security services at Bagram Airfield, and as such, Defendant Barrett is subject to the jurisdiction of this Court.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 3 of 29

3

14. At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants were awarded various contracts by the United States government to provide, amongst other things, private security services at military installations throughout the world, including, but not limited to, Bagram Airfield (referred to as the "Security Contract").

15. At all times relevant, and specifically with respect to the Security Contract, the Defendants, individually and/or collectively, were required to provide, amongst other things, static security (stationary armed guards, standing post with firearms and/or weapons) in protection of the unit's facilities on the air base, U.S. military personnel and others at Bagram Airfield, specifically including, but not limited to, Plaintiff Lieutenant Woods.

16. At all times relevant, and upon information and belief, as a result of his employment with the Defendant Triple Canopy and/or the Constellis Defendants, Defendant Barrett was assigned to the Bagram Airfield and at all times alleged herein was acting within the course and scope of his employment and/or pursuant to the direction and/or control of the Defendant Triple Canopy and/or the Constellis Defendants.

17. At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants, were required to provide their employees, agents, servants and/or representatives, specifically including the Defendant Barrett, with complete, proper and adequate weapons and firearm training, including, but not limited to, firearm use and gun safety training, as its employees, agents, servants and/or representatives, specifically including the Defendant Barrett, possessed side arms (hand guns) as part of their job responsibilities.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 4 of 29

4

18.    At all times relevant, and upon information and belief, the Defendant Triple Canopy and/or the Constellis Defendants failed to provide the necessary and proper weapons training, instruction and/or guidance to its employees, agents, servants and/or representatives, specifically including the Defendant Barrett, and as a result said individuals, specifically including the Defendant Barrett, were inadequately and/or inappropriately trained in firearm use and gun safety.

19.    At all times relevant, and upon information and belief, the employees, agents, servants and/or representatives of the Defendant Triple Canopy and/or the Constellis Defendants, specifically including the Defendant Barrett, arrived at Bagram Airfield without any weapons with which to perform their job.

20.    At all times relevant, and upon information and belief, after an inordinate delay in the furnishing of necessary weapons to their employees for performing their job duties, the Defendant Triple Canopy and/or the Constellis Defendants failed to provide the necessary and proper training, instruction and/or guidance concerning firearm use and gun safety to their employees, agents, servants and/or representatives, specifically including the Defendant Barrett.

21.    Notwithstanding the foregoing, including, but not limited to, inadequate firearm training and/or gun safety training, the Defendant Triple Canopy and/or the Constellis Defendants allowed, permitted and required Defendant Barrett to carry and possess a loaded firearm.

22.    Upon information and belief, on December 18, 2016, Defendant Barrett was at all times an employee, agent, servant and/or representative of the Defendant Triple Canopy and/or the Constellis Defendants and was acting within the course and scope of his employment and under the direction and/or control of said Defendants.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 5 of 29

5

23. Upon information and belief, on December 18, 2016, Defendant Barrett entered an area where the Plaintiff was working, and Defendant Barrett had with him a charged, armed and loaded firearm.

24. As the Defendant Barrett was handling his firearm in the vicinity of the Plaintiff, and specifically as a result of the inadequate, inappropriate and improper training provided by the Defendant Triple Canopy and/or the Constellis Defendants as alleged herein, the Defendant Barrett negligently, recklessly and/or carelessly fumbled his firearm causing it to discharge and Defendant Barrett shot the Plaintiff in the chest.

25. As a result of being shot, the Plaintiff fell to the floor bleeding, and others in the vicinity of the shooting rushed to provide life-saving medical treatment to the gravely wounded Plaintiff as well as to detain Defendant Barrett.

26. As a result of the severe, significant, permanent and grievous personal injuries sustained in the shooting, Plaintiff Lieutenant Woods was medically evacuated to Europe to begin an extremely long, continuing and painful recovery, including multiple surgeries, therapy, and permanent pain and other injuries.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 6 of 29

## Count I

### TRIPLE CANOPY, INC. – Negligence – Respondeat Superior

27. Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

28. On or about December 18, 2016, and at all times relevant, Defendant BARRETT was acting within the course and scope of his employment as an actual and/or apparent employee, agent, servant and/or representative of Defendant TRIPLE CANOPY, INC.

6

29.     On and prior to December 18, 2016, Defendant TRIPLE CANOPY, INC.
voluntarily assumed, contracted to perform, and owed a duty of care to provide security services,
including, but not limited to, providing its employees, agents, servants and/or representatives with
proper and appropriate firearm and gun safety training.

30.     On or about December 18, 2016, and at all times relevant, Defendant TRIPLE
CANOPY, INC., individually and/or by and through its employees, agents, servants and/or
representatives, including, but not limited to, Defendant BARRETT, was negligent, reckless
and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 7 of 29

a.     Defendant Barrett fumbled and failed to maintain control of his firearm
causing it to discharge and shoot the Plaintiff for which Defendant Triple
Canopy is responsible;

b.     Defendant Barrett unholstered, drew and improperly displayed a charged,
armed, loaded and dangerous weapon, and/or improperly attempted to clear
the weapon causing it to become charged, and then allowed the firearm to
discharge, shooting the Plaintiff, for which Defendant Triple Canopy is
responsible;

c.     Failed to provide proper, appropriate and/or adequate firearm and gun
safety training to its employees, agents, servants, and/or representatives,
specifically including the Defendant Barrett, which resulted in Defendant
Barrett improperly fumbling his gun causing it to discharge and shoot the
Plaintiff as set forth herein;

d.     Allowed the Defendant Barrett to use and possess a dangerous and deadly
weapon in a dangerous and unsafe manner;

e.     Allowed Defendant Barrett to improperly handle his firearm allowing it to
discharge thereby injuring Plaintiff;

f.     Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous
manner;

g.     Failed to prohibit its employees, agents, servants and/or representatives
from carrying charged, armed, loaded and dangerous weapons unless and
until proper and appropriate firearm and gun safety training was provided;

7

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 8 of 29

h.    Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.    Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.    Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.    Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.    Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.    Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.    said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

31.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

8

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count II

### TRIPLE CANOPY, INC. – Negligent Hiring/Retention

32.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

33.     On and prior to December 18, 2016, Defendant, TRIPLE CANOPY, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

34.     On and prior to December 18, 2016, and at all times relevant, Defendant, TRIPLE CANOPY INC. was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 9 of 29

   a.     Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

   b.     Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

   c.     Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

9

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 10 of 29

d.    Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.    Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f.    Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

35.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

### Count III

### CONSTELLIS, LLC – Negligence – Respondeat Superior

36.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

10

37. On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS, LLC.

38. On and prior to December 18, 2016, Defendant CONSTELLIS, LLC, voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

39. On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS, LLC, individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 11 of 29

a. Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis, LLC is responsible;

b. Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis, LLC is responsible;

c. Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d. Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e. Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

11

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 12 of 29

f.    Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.    Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.    Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.    Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.    Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.    Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.    Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.    Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.    said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

12

40.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

<u>**Count IV**</u>

**CONSTELLIS, LLC – Negligent Hiring/Retention**

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 13 of 29

41.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

42.     On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

43.     On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS, INC., was negligent, reckless and/or careless in one or more of the following respects:

        a.    Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

13

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 14 of 29

b. Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c. Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

d. Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e. Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f. Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

44. As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

14

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, TRIPLE CANOPY, INC. in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

### Count V

**CONSTELLIS HOLDINGS, LLC – Negligence – Respondeat Superior**

45.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 15 of 29

46.     On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS HOLDINGS, LLC.

47.     On and prior to December 18, 2016, Defendant, CONSTELLIS HOLDINGS, LLC, voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.37.   On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS HOLDINGS, LLC, individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

a.      Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis Holdings, LLC is responsible;

15

b.     Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis Holdings, LLC is responsible;

c.     Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.     Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.     Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f.     Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.     Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.     Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.     Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.     Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.     Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.     Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 16 of 29

16

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 17 of 29

m.  Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.  Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.  Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.  Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.  said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

48.  As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

## Count VI

## CONSTELLIS HOLDINGS, LLC – Negligent Hiring/Retention

49.  Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

50.  On and prior to December 18, 2016, Defendant, CONSTELLIS HOLDINGS, LLC, hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

17

51.     On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS HOLDINGS, LLC, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 18 of 29

a.      Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

b.      Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c.      Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

d.      Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.      Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f.      Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

18

52.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS HOLDINGS, LLC, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

<u>Count VII</u>

**CONSTELLIS, INC – Negligence – Respondeat Superior**

53.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

54.     On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS, INC.

55.     On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

56.     On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS, INC., individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 19 of 29

19

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 20 of 29

a.    Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis, Inc. is responsible;

b.    Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis, Inc. is responsible;

c.    Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.    Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.    Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f.    Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.    Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.    Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.    Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

20

l.   Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.   Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.   Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.   Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.   Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.   said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

57.   As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 21 of 29

## Count VIII

### CONSTELLIS, INC. – Negligent Hiring/Retention

58.   Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

21

59. On and prior to December 18, 2016, Defendant, CONSTELLIS, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

60. On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS, INC., was negligent, reckless and/or careless in one or more of the following respects:

a. Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

b. Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c. Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

d. Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e. Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 22 of 29

22

f.    Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

61.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 23 of 29

### Count IX

**CONSTELLIS GROUP, INC. – Negligence – Respondeat Superior**

62.    Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

63.    On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was acting within the course and scope of his employment as an actual and/or apparent agent of Defendant, CONSTELLIS GROUP, INC.

64.    On and prior to December 18, 2016, Defendant, CONSTELLIS GROUP, INC., voluntarily assumed, contracted to perform, and owed a duty of care to provide security services, including, but not limited to, providing its employees, agents, servants and/or representatives with proper and appropriate firearm and gun safety training.

23

65.     On or about December 18, 2016, and at all times relevant, Defendant CONSTELLIS GROUP, INC., individually and/or by and through its employees, agents, servants and/or representatives, including, but not limited to, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 24 of 29

a.      Defendant Barrett fumbled and failed to maintain control of his firearm causing it to discharge and shoot the Plaintiff for which Defendant Constellis Group, Inc. is responsible;

b.      Defendant Barrett unholstered, drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the Plaintiff, for which Defendant Constellis Group, Inc. is responsible;

c.      Failed to provide proper, appropriate and/or adequate firearm and gun safety training to its employees, agents, servants, and/or representatives, specifically including the Defendant Barrett, which resulted in Defendant Barrett improperly fumbling his gun causing it to discharge and shoot the Plaintiff as set forth herein;

d.      Allowed the Defendant Barrett to use and possess a dangerous and deadly weapon in a dangerous and unsafe manner;

e.      Allowed Defendant Barrett to improperly handle his firearm allowing it to discharge thereby injuring Plaintiff;

f.      Allowed Defendant Barrett to handle his firearm in an unsafe and dangerous manner;

g.      Failed to prohibit its employees, agents, servants and/or representatives from carrying charged, armed, loaded and dangerous weapons unless and until proper and appropriate firearm and gun safety training was provided;

h.      Failed to timely notify the Plaintiff that its employees, agents, servants and/or representatives were carrying charged, armed, loaded and dangerous weapons without proper and appropriate firearm and gun safety training;

i.      Failed to follow policies, procedures, and/or guidelines concerning the proper and appropriate firearm and gun safety training and/or handling;

24

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 25 of 29

j.    Failed to implement proper and appropriate policies, procedures, and/or guidelines to ensure that its employees, agents, servants and/or representatives practiced appropriate firearm and gun safety;

k.    Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

l.    Failed to take appropriate precautions to ensure that Barrett received appropriate training so that he did not fumble his firearm causing it to discharge;

m.    Failed to conduct safety checks, including, but not limited to, unannounced and/or spot safety checks, to ensure that its employees, agents, servants, and/or representatives properly handled their firearms, including practicing appropriate firearm and gun safety techniques;

n.    Did not implement various safety precautions that would have prevented the Plaintiff from being shot and suffering grievous, severe, and permanent injuries;

o.    Failed to take all appropriate steps to avoid shooting and injuring Plaintiff;

p.    Failed to ensure the safety and life of Plaintiff Lieutenant Woods; and/or

q.    said defendant was otherwise negligent, reckless and/or careless thereby resulting in Plaintiff's injuries.

66.    As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS GROUP, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

25

## Count X

### CONSTELLIS GROUP, INC. – Negligent Hiring/Retention

67.     Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

68.     On and prior to December 18, 2016, Defendant, CONSTELLIS GROUP, INC., hired, retained, supervised and/or trained Defendant, BARRETT, with respect to, amongst other things, firearm and gun safety training and handling.

69.     On and prior to December 18, 2016, and at all times relevant, Defendant, CONSTELLIS GROUP, INC., was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 26 of 29

a.      Failed to inquire and investigate properly and thoroughly Defendant Barrett's background prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

b.      Failed to inquire and investigate properly and thoroughly Defendant Barrett's prior employment history before being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

c.      Failed to inquire and investigate properly Defendant Barrett's ability to handle, possess and/or use deadly weapons prior to being employed, retained and/or hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries;

d.      Failed to periodically examine, inquire and/or investigate Defendant Barrett and specifically with respect to his use of deadly weapons and firearms after being employed, retained, hired and/or entrusted with dangerous and deadly weapons specifically including the firearm that discharged and shot the Plaintiff causing grievous, severe, and permanent injuries, and had it done

26

so, said Defendant should have terminated Defendant Barrett prior to the allegations complained of herein;

e.  Failed to institute proper and appropriate monitoring, training, supervision and oversight of its employees, agents, servants and/or employees as it was required to do, especially since its personnel, specifically including the Defendant Barrett, were armed and had possession of dangerous and deadly weapons, and had it done so Defendant Barrett would have and/or should have been terminated prior to the allegations complained of herein; and/or

f.  Improperly retained Defendant Barrett and/or entrusted him with dangerous and deadly weapons, specifically including the firearm that discharged causing the Plaintiff grievous, severe, and permanent injuries.

70.  As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, CONSTELLIS GROUP, INC., in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 27 of 29

## Count XI

### DYLAN BARRETT – Negligence

71.  Plaintiff repeats and realleges the Common Allegations listed in paragraphs 1 through 26 above.

72.  On or about December 18, 2016, and at all times relevant, Defendant BARRETT was at all times acting within the course and scope of his employment while providing security services at the Bagram Airfield.

73. On and prior to December 18, 2016, Defendant BARRETT owed a duty of care to all persons, specifically including the Plaintiff, to practice appropriate, safe and proper firearm and gun safety handling, especially with respect to the firearm he was provided in the course and scope of his employment.

74. On or about December 18, 2016, and at all times relevant, Defendant, BARRETT, was negligent, reckless and/or careless in one or more of the following respects:

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 28 of 29

    a. Failed to ensure the safety and life of Plaintiff Lieutenant Woods;

    b. Failed to maintain control of his firearm;

    c. Improperly handled his firearm allowing it to discharge thereby injuring Plaintiff;

    d. Handled his firearm in an unsafe and dangerous manner;

    e. Drew and improperly displayed a charged, armed, loaded and dangerous weapon, and/or improperly attempted to clear the weapon causing it to become charged, and then allowed the firearm to discharge, shooting the plaintiff;

    f. Failed to properly control his weapon and fumbled same causing it to discharge and shoot the Plaintiff resulting in severe, serious and grievous injuries;

    g. Failed to follow policies, procedures, and/or guidelines concerning firearm use and gun safety;

    h. Failed to obey all pertinent and/or applicable policies, procedures, and/or guidelines concerning firearm use and safety; and/or

    i. Failed to follow initial, periodic and/or recurrent training regarding weapon and/or firearm use and safety;

    j. Failed to take all appropriate steps to avoid shooting and injuring Plaintiff.

75.     As a proximate result of the foregoing negligent, reckless and/or careless acts and/or omissions, Plaintiff ZACHARY W. WOODS sustained grievous, severe, and permanent physical, emotional and economic injuries.

WHEREFORE, Plaintiff, ZACHARY W. WOODS, by and through his attorneys, TOMASIK KOTIN KASSERMAN, LLC, requests judgment against Defendant, DYLAN BARRETT, in an amount in excess of the minimum amount required for jurisdiction in the Law Division of the Circuit Court of Cook County.

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
PAGE 29 of 29

By: _____
        Attorney for Plaintiff

Timothy S. Tomasik
Patrick J. Giese
TOMASIK KOTIN KASSERMAN, LLC
161 North Clark Street, Suite 3050
Chicago, IL 60601
T: (312) 605-8800
F: (312) 605-8808
E: tim@tkklaw.com
E: pat@tkklaw.com
Firm. I.D. No. 56323

29

ELECTRONICALLY FILED
6/26/2018 4:21 PM
2018-L-006631
CALENDAR: X
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| ZACHARY W. WOODS, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| | ) |
| TRIPLE CANOPY, INC.; | ) |
| CONSTELLIS, LLC; | ) |
| CONSTELLIS HOLDINGS, LLC; | ) |
| CONSTELLIS, INC.; | ) |
| CONSTELLIS GROUP, INC.; and | ) |
| DYLAN BARRETT. | ) *Plaintiff Demands a Jury Trial.* |
| | ) |
| Defendants. | ) |

## A F F I D A V I T

I, **Patrick J. Giese,** state under oath:

1. I am an attorney associated with Tomasik Kotin Kasserman, LLC and am responsible for filing of the Complaint at Law in this matter.

2. The total of money damages sought by plaintiff does exceed $50,000.00, exclusive of interest and costs.

TOMASIK KOTIN KASSERMAN, LLC
By: Patrick J. Giese

SUBSCRIBED and SWORN to before me
This 26th day of June, 2018.

NOTARY PUBLIC

OFFICIAL SEAL
D. KARNEZIS
Notary Public, State of Illinois
My Commission Expires December 30, 2018

Timothy S. Tomasik
Patrick J. Giese
TOMASIK KOTIN KASSERMAN, LLC
Attorneys for Plaintiff
161 North Clark Street, Suite 3050
Chicago, Illinois 60601
(312) 605-8800
Firm I.D. No. 56323